IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| DANIEL D. DILLARD, § | |
| TDCJ No. 1400285, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:19-cv-00081-M-BP |
| § | |
| LORIE DAVIS, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the record in the above-captioned case. Upon reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn *sua sponte* **DISMISS with prejudice** Plaintiff Daniel Dillard's claims against Defendants Jose Mares, Lavonda McLemore, and Bridgette Smalley.

**I.    BACKGROUND**

*Pro se* Daniel Dillard is an inmate in the Michael Unit of the Texas Department of Criminal Justice ("TDCJ"). *See Inmate Information Details: Dillard, Daniel Denard*, TEX. DEP'T OF CRIM. JUST., https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=06683229 (last visited Mar. 24, 2022); Fed. R. Evid. 201(b) (stating a court may take judicial notice of a fact not subject to reasonable dispute). He sues several TDCJ officers, claiming in his First Amended Complaint he was falsely accused of assaulting an officer, for which he was transferred across TDCJ units and subjected to an unconstitutional form of solitary confinement called "Restrictive Housing." ECF No. 86 at 1-3 ("Compl.").

Dillard alleges separate unit transfer incidents during which TDCJ officers Mares, McLemore, and Smalley deprived him of his personal property without due process. Compl. ¶¶ 19-29. During the first, Mares and Smalley allegedly confiscated Dillard's "personal hotpot, nightlamp, radio and headphones." *Id.* ¶ 21. During the second, McLemore allegedly confiscated Dillard's hairbrushes, multi-outlet, shaving mirror, tennis shoes, gym shorts, thermal bottoms, commissary bags, coax cable, socks, insert cup, t-shirt, fresh scent soaps, petro jellies, and baby powder. *See id.* ¶ 28; ECF No. 13-1 at 10. Dillard concludes, "As a direct result of [the] actions of defendants Mar[e]s, Smalley and McLemore; Dillard has been deprived of his personal property for over two (2) years." Compl. ¶ 29.

Suing these three officers in their individual capacities under 42 U.S.C. § 1983, Dillard seeks damages plus injunctive relief. *See id.* ¶¶ 14-15 & pp. 29-30; *see also* ECF No. 157 at 5-6 (granting Dillard's motion for leave to amend such that he sues Smalley and Mares in their individual capacities only). Smalley and McLemore moved for summary judgment (ECF No. 180), while Mares has not filed any pleadings (*see* ECF Nos. 176, 191). Dillard proceeds *in forma pauperis*. ECF No. 5.

## II. LEGAL STANDARD

Because Dillard proceeds *in forma pauperis*, the Court must *sua sponte* dismiss his complaint if it is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A frivolous complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted if it does not allege enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A *pro se* prisoner's complaint "must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief." *Taylor v. Gibson*, 529 F.2d 709, 714 (5th Cir. 1976). The Court must "look beyond the inmates' formal complaint and [] consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Those materials include any responses to a court-issued questionnaire, which "is a useful means by which the court can develop the factual basis for the prisoner's complaint." *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976); *see also Eason v. Holt*, 73 F.3d 600, 602 & n.14 (5th Cir. 1996) (explaining that questionnaire responses supplement the inmate's complaint).

## III.   ANALYSIS

Title 42 U.S.C. § 1983 creates a remedy against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Accordingly, to state a cognizable and non-frivolous § 1983 claim, Dillard must allege facts showing "two vital elements: (1) that he has been deprived of a right 'secured by the Constitution and the laws' of the United States; and (2) that the persons depriving him of this right acted 'under color of any statute' of the State of Texas." *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988).

Dillard's claims against Mares, McLemore, and Smalley fall short under the first § 1983 element. The Complaint asserts procedural due process violations against them: "The actions of defendant[s] Mar[e]s, Smalley and McLemore in depriving plaintiff of his personal property without due process violated his Fourteenth Amendment [right] to due process before deprivation."

Compl. ¶ 139; *see also* U.S. CONST. amend. XIV ("[N]or shall any State deprive any person of life, liberty, or property, without due process of law[.]").

Due process "is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). In this particular situation, Dillard asserts his "personal property was confiscated under authority of TDCJ administrative directive 03.72-offender property." Compl. ¶ 20; *see id.* ¶¶ 21, 24 (alleging Mares, Smalley, and McLemore were "authorized" to confiscate Dillard's property); *see also Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (distinguishing authorized from unauthorized confiscations).

"Post-deprivation proceedings such as TDCJ's grievance procedures are adequate to satisfy the Due Process Clause with respect to confiscation of property pursuant to prison regulations." *Evans v. Baker*, No. 2:10-cv-0226, 2010 WL 5817654, at *3 (N.D. Tex. Oct. 25, 2010) (analyzing TDCJ Administrative Directive 03.72), *rec. adopted as modified*, 2011 WL 610968 (N.D. Tex. Feb. 17, 2011), *aff'd*, 442 F. App'x 108 (5th Cir. 2011). The post-deprivation grievance procedures afford a prisoner the Due Process Clause's constitutional minima: "ample notice and sufficient opportunity to object to the confiscation of his property." *Matez v. Foley*, No. 2:17-cv-134-Z, 2020 WL 2926464, at *4 (N.D. Tex. June 3, 2020); *see also McQueen v. Vance*, 68 F.3d 471 (5th Cir. 1995) ("TDCJ's post-deprivation grievance procedures are adequate to satisfy the Due Process Clause.").

TDCJ's post-deprivation grievance procedures protected Dillard's due process rights. *See Evans*, 2010 WL 5817654, at *3. Dillard initiated grievance proceedings for each alleged property confiscation. Compl. ¶¶ 23, 28 (citing Grievance Nos. "2019019664" and "2019044440"). He provides the corresponding Step-One and Step-Two Offender Grievance Forms he submitted to, and the responses he received from, TDCJ. ECF No. 13-1 at 2-5, 10-13.

Through exercising the grievance procedures Dillard received ample notice and sufficient opportunity to object about both property confiscations. *See Matez*, 2020 WL 2926464, at *4. Dillard acknowledges receiving notice of why Mares, McLemore, and Smalley initially confiscated his property. *See id.* at *5 (indicating prisoner is entitled to "notice of the reason for the confiscation of his property"). They confiscated it because of "established procedure" like "TDCJ administrative directive 03.72." Compl. ¶¶ 20, 24. His main due process concern is that TDCJ failed to return or replace his property when it should have, e.g., when his custody status changed. *Id.* ¶¶ 23, 28.

So Dillard objected by filing his Step One Grievance Forms, identifying his missing property items and requesting their return or replacement. ECF No. 13-1 at 2-3, 10-11. TDCJ responded to Grievance No. 2019044440, explaining it had investigated the grievance and identified property TDCJ would return to him in the future, with no further action being necessary. *Id.* at 11. TDCJ also responded to Grievance No. 2019019664, finding upon investigation "there is no evidence to substantiate [Dillard's] claims." *Id.* at 3.

Unsatisfied, Dillard appealed by filing the Step Two Grievance Forms. *Id.* at 4-5, 12-13. He claimed TDCJ inadequately investigated and addressed his Step One requests. *Id.* at 4, 12. TDCJ denied both appeals, responding that the "[r]ecords and documentation reveal that [Dillard] received [his] Level 1 status on 1/3/19, and signed for the remainder of [his] property on 1/25/19." *Id.* at 5, 13. This response effectively notified Dillard of the reason TDCJ was not returning or replacing any more property: there was no more property to return or replace.

Although Dillard remains unsatisfied with the grievance procedure outcomes, he "does not have a federally protected liberty interest in having these grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *see also Sullivan v. Ford*, 609 F.2d 197, 198

(5th Cir. 1980) ("Prison inmates necessarily suffer a limitation of the rights, including property rights, enjoyed by ordinary citizens."). If Dillard felt TDCJ was withholding or had lost his property, then he could have pursued separate state-law tort claims. *See, e.g.*, *McQueen*, 68 F.3d at 471 (reasoning that "in addition to prison grievances, [Plaintiff] could have pursued a state-law conversion action," but his "procedural due process contention is unavailing"). But Dillard only asserts Fourteenth Amendment procedural due process claims against Mares, McLemore, and Smalley. Compl. ¶¶ 139-40.

The missing property alone will not support these claims: "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Because TDCJ's post-deprivation grievance procedures satisfy the Due Process Clause, *McQueen*, 68 F.3d at 471, Dillard's § 1983 due process claims cannot stand. *See Matez*, 2020 WL 2926464, at *4 (concluding prisoner "failed to state a claim regarding property deprivation" and dismissing as "frivolous" under § 1915(e)(2)). Consequently, the Court should *sua sponte* dismiss his claims against Defendants Mares, McLemore, and Smalley under 28 U.S.C. § 1915(e)(2)(B).

A district court generally "errs in dismissing a *pro se* complaint for failure to state a claim . . . without giving the plaintiff an opportunity to amend." *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (applying Federal Rule of Civil Procedure 12(b)(6)). But once the *pro se* inmate has pleaded his "best case," the Court may dismiss any of his meritless claims with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326-27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). If the inmate has filed his complaint and submitted questionnaire responses, then the Court may conclude he has pleaded his best case such that

granting him further leave to amend would be futile or cause unnecessary delay. *See, e.g.*, *Witherspoon v. Waybourn*, No. 4:20-cv-1150-P, 2021 WL 2635917, at *10 (N.D. Tex. June 25, 2021).

Dillard's filings include: Prisoner's Civil Rights Complaint (ECF No. 1); Answers to the Court's Questionnaire (ECF No. 15); Verified First Amended Complaint with Jury Demand (ECF No. 86 or "Compl."); and Amendments to Plaintiff's Verified First Amended Complaint (ECF No. 149-1). The Verified First Amended Complaint added Defendants Mares, McLemore, and Smalley (ECF No. 86), while the Amendments changed the capacity in which he sues Mares and Smalley. ECF No. 149-1; *see* ECF No. 157 at 5-6 (granting Dillard leave to amend). Dillard has pleaded his best case against all three Defendants, and granting him more opportunities to amend would be futile and cause unnecessary delay. *See Witherspoon*, 2021 WL 2635917, at *10; *see also Jones*, 188 F.3d at 326 (quoting *Jacquez*, 801 F.2d at 792) ("If the protections afforded public officials are not to ring hollow, plaintiffs cannot be allowed to continue to amend or supplement their pleading[s] until they stumble upon a formula that carries them over the threshold."). Accordingly, the Court should dismiss his claims against these three Defendants with prejudice.

## IV. CONCLUSION

Because Dillard received due process for the alleged property confiscations, the undersigned **RECOMMENDS** that Chief Judge Lynn *sua sponte* **DISMISS** his claims against Defendants Mares, McLemore, and Smalley. And because Dillard has pleaded his best case against those Defendants, the Court should dismiss the claims **with prejudice**. Remaining would be Dillard's claims against Defendants Lorie Davis, Bobby Lumpkin, Jimmy Smith, Elbert Holmes, Michael Feazell, Andrea Lozada, Timothy Hooper, Shon McGee, James Bullard, Jayton Chavers,

Dakota Denney, Gregory Fredericks, Cody Miller, Bryan Reitsma, and Timothy Washington. *See* Compl. ¶¶ 9-18.

The undersigned further **RECOMMENDS DENYING as moot** the following pending motions: Defendants Smalley & McLemore's Motion for Summary Judgment (ECF No. 180) and Dillard's Motion for Leave to Conduct Discovery (ECF No. 186), which requests discovery from Smalley and McLemore to respond to their summary judgment motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on March 24, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

8