## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **DANIEL D. DILLARD,** | § | |
| **TDCJ No. 1400285,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:19-cv-00081-M-BP** |
| | § | |
| **LORIE DAVIS,** *et al.***,** | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Application to Proceed in Forma Pauperis filed on September 12, 2022, in which Plaintiff Daniel Dillard ("Dillard") seeks to proceed *in forma pauperis* on appeal. ECF No. 250. After reviewing the Application and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Barbara M. G. Lynn **DENY** the Application.

## I.    BACKGROUND

Dillard is confined in the Mark Michael Unit of the Texas Department of Criminal Justice ("TDCJ") in Tennessee Colony, Texas, serving a sentence of life without parole. *See Inmate Information Details: Dillard, Daniel Denard,* TEX. DEP'T OF CRIM. JUST., https://inmate.tdcj. texas.gov/InmateSearch/viewDetail.action?sid=06683229 (last visited October 4, 2022). Dillard sues several TDCJ officers, claiming that he was falsely accused of assaulting an officer, for which he was transferred across TDCJ units and subjected to an unconstitutional form of solitary confinement called "Restrictive Housing." ECF No. 86 at 1-3. He claims TDCJ employees violated his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution. ECF No. 86.

On June 17, 2022, the undersigned entered findings, conclusions, and recommendations that addressed Dillard's Motion for Partial Summary Judgment (ECF No. 152) and Defendants' Motion for Summary Judgment (ECF No. 124). ECF No. 214. The undersigned recommended that then Chief Judge Lynn deny Dillard's Motion and grant Defendants' Motion in part and deny it in part. *Id.* Chief Judge Lynn accepted the recommendation and entered judgment denying Dillard's Motion and partially granting and partially denying Defendants' Motion. ECF Nos. 235, 236.

On August 15, 2022, Dillard filed a Notice of Interlocutory Appeal from the Court's Order Accepting Findings, Conclusions, and Recommendation (ECF No. 235) and the Final Judgment as to Certain Claims (ECF No. 236). ECF No. 242. Defendants filed their own Notice of Interlocutory Appeal on August 23, 2022, appealing the Court's denial of their claims of qualified immunity. ECF No. 244. Dillard now seeks to proceed *in forma pauperis* in his interlocutory appeal. ECF No. 250.

## II.    LEGAL STANDARDS

The requirements for *in forma pauperis* motions on appeal are set forth in 28 U.S.C. § 1915(a). The Court may authorize an appeal "without prepayment of fees or security therefor, by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must "examine the financial condition of the [IFP] applicant" to determine whether paying fees would cause him to suffer undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court should consider "[t]he amount of money available to an inmate in his prison trust account or from other sources." *Simon v. Quarterman*, No. 3:07-cv-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007).

2

### III.    ANALYSIS

The Application provides sufficient information regarding Dillard's financial condition to enable the Court to determine whether he should be permitted to proceed *in forma pauperis* on appeal. The financial information he provided, including an affidavit with a certified copy of the trust fund account statement, demonstrates that Dillard has very limited means and could not pay the appellate filing fees without causing him undue financial hardship. *See* ECF No. 250 at 1-4. Nevertheless, the undersigned recommends that Judge Lynn not grant the Application because Dillard has not made the requisite showing under 28 U.S.C. § 1915(a)(3) that his appeal at this time is taken in good faith.

Generally, the court of appeals only has jurisdiction to review "final decisions" of the district courts. 28 U.S.C. § 1291. The Court's Final Judgment as to Certain Claims from which Dillard appeals does not constitute a final decision for purposes of § 1291 because it did not dispose of all claims and all parties. *See Hignell-Stark v. City of New Orleans*, 46 F.4th 317, 329 (5th Cir. 2022) ("Although the district court called its order a 'judgment,' its label does not determine finality.") (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 628 n.7 (1990)). The appellate court ordinarily does not "have jurisdiction to review a denial of a summary judgment motion because such a decision is not final within the meaning of 28 U.S.C. § 1291." *Perniciaro v. Lea*, 901 F.3d 241, 250 (5th Cir. 2018) (internal quotation marks omitted) (quoting *Palmer v. Johnson*, 193 F.3d 346, 350 (5th Cir. 1999)).

There are exceptions to the general rule requiring a "final decision," such as interlocutory appeals permitted under 28 U.S.C. § 1292 or those taken under the collateral order doctrine, which permits immediate appeal of denials of qualified immunity claims. *See Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004). However, those exceptions do not apply to Dillard's appeal. Instead, he

3

has filed an appeal of an interlocutory order that the court of appeals has docketed as an appeal of

a final order. Under these circumstances, his appeal is not taken in good faith under Fed. R. App.

P. 24(a)(3) and 28 U.S.C. § 1915(a)(3). *Parsons v. Deutsche Bank National Trust Co. as Trustee*,

No. 3:18-cv-1287-L-BN, 2019 WL 7461692 (N.D. Tex. Dec. 5, 2019), *rec. adopted*,  2020 WL

42279  (N.D. Tex. Jan. 2, 2020), *dism'd w/o juris.*, No. 22-10192 (5th Cir. May 12, 2022).

## IV.    CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Judge Lynn **DENY** Dillard's

Application to Proceed in Forma Pauperis filed on September 12, 2022. ECF No. 250.

If the Court denies the request to proceed *in forma pauperis* on appeal, Dillard may

challenge the denial by filing a separate motion to proceed in forma pauperis on appeal with the

Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within thirty days after service of the

notice required by Fed. R. App. P. 24(a)(4). *See* Fed. R. App. P. 24(a)(5); *Baugh v. Taylor*, 117

F.3d 197, 201-02 (5th Cir. 1997)**.**

A copy of these findings, conclusions, and recommendation shall be served on all parties

in the manner provided by law. Any party who objects to any part of these findings, conclusions,

and recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must

identify the particular finding or recommendation to which objection is made, state the basis for

the objection, and specify the place in the magistrate judge's findings, conclusions, and

recommendation where the disputed determination is found. An objection that merely incorporates

by reference or refers to the briefing before the magistrate judge is not specific. Failure to file

specific written objections will bar the aggrieved party from appealing the factual findings and

legal conclusions of the magistrate judge that are accepted or adopted by the district court, except

upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      **SIGNED** on October 5, 2022.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE