IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DANIEL D. DILLARD, <br> TDCJ No. 1400285, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:19-cv-00081-M-BP |
| LORIE DAVIS, *et al.*, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion for Reconsideration filed on August 26, 2022. ECF No. 246. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Senior United States District Judge Barbara M. G. Lynn **DENY** the Motion.

**I.   BACKGROUND**

The Plaintiff, Daniel D. Dillard ("Dillard"), is an inmate confined in the Mark W. Michael Unit of the Texas Department of Criminal Justice ("TDCJ") in Tennessee Colony, Texas. In this case, he challenges a disciplinary proceeding and his longtime confinement in restrictive housing. On June 17, 2022, the undersigned entered Findings, Conclusions, and a Recommendation (the "FCR") recommending that Judge Lynn deny Dillard's Motion for Partial Summary Judgment and grant the Defendants' Motion for Summary Judgment in part and deny it in part. ECF No. 214. Judge Lynn accepted the FCR and entered Final Judgment as to Certain Claims on August 2, 2022. *See* ECF Nos. 235-36.

In the pending Motion, Dillard seeks reconsideration of the Court's decision under Federal

Rules of Civil Procedure 54(b) and 59(e). ECF No. 246 at 1. Specifically, Dillard asserts that the Court impermissibly resolved disputed facts in reaching its decision, erroneously determined that clearly established law did not prohibit sustained restrictive confinement such as Dillard alleged, wrongly denied Dillard's request to proceed on behalf of similarly situated persons, and improperly found that Dillard was not entitled to summary judgment on his claims. ECF No. 246. Dillard also asserts in his Motion that the Court should order non-party TDCJ to engage in additional discovery, set a trial date and reopen the Scheduling Order to do so, permit him to withdraw his premature appeal, and appoint counsel to represent him. *Id.*

## II.  LEGAL STANDARDS

"[T]he Federal Rules of Civil Procedure do not provide for a motion for reconsideration." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). However, the Fifth Circuit has considered motions to reconsider final judgments under Rule 59(e) and 60(b). Fed. R. Civ. P 59(e) and 60(b); *see Doe v. Bridge City Indep. Sch. Dist.*, No. 20-40596, 2021 WL 4900296 at *1 (5th Cir. 2021) (Where appellants did not identify the rule by which they sought reconsideration, the court had discretion to analyze the motion under Rule 59(e) as a motion to alter or amend the judgment or under Rule 60(b) as a motion for relief from a judgment or order).

Rule 59(e) provides that a party may move to amend or alter a judgment within twenty-eight days after entry of the judgment. Fed. R. Civ. P. 59(e). To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*,

2

367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, this "extraordinary remedy" should be used "sparingly." *Id.*

Rule 54(b) permits the Court to revise an interlocutory order. Fed. R. Civ. P. 54(b). "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009); *see also Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993). In ruling on the motion, the Court must determine if reconsideration of its previous order is "necessary under the relevant circumstances." *Brown v. Wichita Cnty., Tex.*, No. 7:05-CV-108-O, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011)( internal quotation marks omitted). *See also See Hawkins v. Montague Cnty., Tex.*, No. 7:10-CV-19-O, 2011 WL 13229004, at *1 (N.D. Tex. Feb. 28, 2011) (noting that Rule 59 only applies to final judgments but the court may reconsider an interlocutory order under Rule 54(b) "if the arguments or new evidence persuades the court to do so for any reason, so long as the court is not making a legal error or abusing discretion").

### III.    ANALYSIS

In his Motion, Dillard revisits the arguments that he made at length in the briefing in support of his Motion for Summary Judgment and in opposition to Defendants' Motion for Summary Judgment. He offers no newly discovered evidence and advances no arguments that he either did not make previously or could have made before the Court entered the judgment. The undersigned's FCR addressed the summary judgment evidence and arguments offered by Dillard and by the Defendants in great detail, and Dillard offers no compelling reasons why the Court should alter its Final Judgment as to Certain Claims. For these reasons, Judge Lynn should deny Dillard's request to reconsider the judgment.

To the extent that the Court may consider Dillard's requests for relief in addition to reconsideration of the Final Judgment as to Certain Claims, Judge Lynn likewise should deny them. A post-judgment motion to reconsider is not the proper vehicle for seeking to reopen discovery or revise the Scheduling Order. Even if it were, Dillard has shown no compelling reasons for doing either. Nor would it be appropriate for the Court to set a trial date while the case is pending before the Fifth Circuit Court of Appeals and held in abeyance pending the Court's ruling on Dillard's Motion. Dillard's request to withdraw his premature appeal is moot since the Fifth Circuit granted his motion to remand. *Dillard v. Davis*, No. 22-10791, 2023 WL 6162767 (5th Cir. Sept. 21, 2023). Finally, Dillard has offered no additional reasons why the Court should appoint counsel to represent him different from those he stated in his previous motion. *See* ECF Nos. 66. The extent of Dillard's pleadings in this Court, as well as in the Court of Appeals, demonstrates his ability to represent himself in this matter without the aid of counsel.

Dillard has not presented any compelling reasons why the Court should reconsider its Final Judgment as to Certain Claims. He has not demonstrated an intervening change in controlling law, the availability of new evidence not previously available, or a manifest error of law or fact or an error of law or fact that warrants reconsideration. The undersigned therefore **RECOMMENDS** that Judge Lynn **DENY** Dillard's Motion for Reconsideration filed on August 26, 2022 (ECF No. 246).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state

the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on October 10, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE